# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAMIEN GILES, a minor, by
DENISE GILES, his mother and
natural guardian,

                Plaintiff,                Case No. 04-C-1102

                v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

                Defendant.

## OPINION AND ORDER

        Denise Giles, on behalf of her minor son Damien Giles, brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of the Social Security Administration, dated June 27, 2003, finding Damien ineligible for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §1382c. The Plaintiff claims that the Commissioner erred in denying childhood disability benefits to Damien by failing to evaluate Denise's credibility properly and by failing to consider evidence of Damien's attention disorder.

        The Plaintiff seeks remand for another hearing at which she could present additional evidence pursuant to sentence six of section 405g. The issues raised have been fully briefed.

## I. BACKGROUND AND ADMINISTRATIVE PROCEEDINGS

Damien Giles began receiving Supplemental Security Income (SSI) benefits on September 1, 1995, for developmental delays including speech delay. Damien's disability was redetermined under the new definition of disability pursuant to PL 104-103. He was found to be no longer disabled and not eligible for disability benefits effective November 20,1997. His benefits ceased on January 11, 1998.

The Plaintiff appealed and a hearing was held before a disability hearing officer on February 17, 1999. The hearing officer found that the Plaintiff was no longer disabled. The Plaintiff appealed and, after additional procedures, a hearing was held before an Administrative Law Judge (ALJ). At the time of the hearing Damien was eight years old. On June 27, 2003, the ALJ issued a decision finding that he was no longer disabled. The ALJ found that:

1. The claimant is eight years of age and is not engaging in substantial gainful work activity.

2. The medical evidence establishes the claimant has severe speech/language disorder, learning disability, asthma and developmental delays, but does not have an impairment or combination of impairments that meets or medically or functionally equals the severity of any impairment in the Listing of Impairments.

3. Aside from being markedly limited in terms of the domain of acquiring and using information and the cognitive/communicative functioning area, the claimant is less than markedly limited in all other domains of functioning.

4. When the claimant's complaints and allegations about his limitations and impairments are considered in light of all of thee objective medical evidence as well as the record as a whole, they reflect a child

Case 2:04-cv-01102-CNC    Filed 03/17/06    Page 2 of 8    Document 20

>     who has improved and who does not have an
>     impairment or combination of impairments that
>     meets or medically or functionally equals the
>     requirements for any impairment or combination
>     of impairments in the Listing of Impairments.
>
> 5.  The claimant is not under a "disability" as defined
>     in the Social Security Act and is not eligible for
>     child's supplemental security income benefits under
>     the provisions of section 1614(a)(3). The claimant's
>     disability ceased in November 1997.

Record at 20-21. The Plaintiff requested review of this decision, but the Appeals Council denied the request.

Now, in this action for judicial review, the Plaintiff argues: (1) that the ALJ did not comply with Social Security Ruling 96-7p because she did not explain why she rejected the testimony of the Plaintiff's mother; and (2) that the ALJ's finding in the attending to and completing tasks domain is not supported by substantial evidence.

## II. LEGAL STANDARDS

An ALJ's decision becomes the Commissioner's final decision if, as in this case, the Appeals Council denies a request for review. See Wolfe v. Shalala, 997F.2d 321, 322 (7th Cir. 1993). Under such circumstances, the decision reviewed by the district court is the decision of the ALJ. See Eads v. Secretary of the Department of Health & Human Services, 983 F.2d 815, 816 (7th Cir. 1993).

In a social security appeal brought under 42 U.S.C. § 405(g), this court does not conduct a new evaluation of the case but, instead, reviews the final decision of the Commissioner. This review is deferential; under section 405(g), the Commissioner's findings are conclusive if they are supported by "substantial evidence." Clifford v. Apfel, 227 F.3d 863

3

869 (7th Cir.2000). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, (1971). When reviewing the Commissioner's findings under § 405(g), this court cannot reconsider facts, reweigh the evidence, decide questions of credibility, or otherwise substitute its own judgment for that of the ALJ regarding what the outcome should be. See Clifford, 227 F.3d at 869. Nevertheless, the court must conduct a "critical review of the evidence" before affirming the Commissioner's decision, id., and the decision cannot stand if it lacks evidentiary support or "is so poorly articulated as to prevent meaningful review." Steele v. Barnhart, 290 F.3d 936, 940 (7th Cir. 2002).

Disability insurance benefits are available to claimants who can establish "disability" under the terms of the Social Security Act. See Brewer v. Carter, 103 F.3d 1284, 1390 (7th Cir.1997). Before 1996, a child was considered disabled if he or she had an impairment of comparable severity to an impairment that would disable an adult. See 42 U.S.C. § 1382c(a)(3)(A) (1996)); Nelson v. Apfel, 131 F.3d 1228, 1234 (7th Cir.1997). However, in 1996, Congress passed the Personal Responsibility and Work Opportunity Reconciliation Act, Pub.L. No. 104-193, which revised the standard by which a child is considered disabled and therefore eligible for SSI benefits. Under the new law the comparable severity criterion was repealed and replaced with the following definition: "an individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I)

4

(1999)). This new standard requires a "more serious impairment related limitation" than the previous standard. Nelson v. Apfel, 131 F.3d 1228, 1235 (7th Cir.1995).

The Commissioner employs a three-step process for determining disability, considering whether: 1) the child is presently engaging in substantial gainful activity; 2) the child has an impairment or combination of impairments that is severe[1]; and 3) the child has a medically determinable impairment or combination of impairments that meets or equals in severity an impairment listed in Appendix 1, Subpart P, of Regulations No.4, or is functionally equal in severity to a listed impairment. 20 C.F.R. § 416.924.

The Commissioner will consider whether the functioning equals the listings by looking at the information in the case record about how a child's functioning is affected during all of the child's activities. See 20 C.F.R. § 416.926a(b). In order to establish functional equivalence at step three, a child must have a medically determinable impairment or combination of impairments that result in "marked" limitations in at least two domains or an "extreme" limitation in at least one. 20 C.F.R. § 416.926a(a). "These domains are broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(b). The domains are: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for oneself; and health and physical well being. 20 C.F.R. § 416.926a(b)(1). "The bulk of 20 C.F.R. § 416.926a is devoted to 'general descriptions of each domain' against which a claimant's functioning may be

---

[1] If the child does not have a medically determinable impairment, or that impairment is a slight abnormality that causes no more than minimal functional limitations, the Commissioner will find the child not to be disabled.

5

compared; and so when the dust settles, the agency retains substantial discretion." Keys v. Barnhart, 347 F.3d 990, 994 (7th Cir.2003).

### III. DISCUSSION AND DECISION

#### A. CREDIBILITY

First, the Plaintiff argues that the ALJ did not comply with Social Security Ruling 96-7p in assessing the credibility of the Plaintiff's mother, Denise. This contention is not supported by the Record. Having examined the transcript of the administrative hearing, the court finds that the ALJ did not state or imply that the testimony of the Plaintiff's mother was not credible. During her testimony, Denise Giles provided only a few simple observations of her son's behavior. She did not add detail. The ALJ gave credence to Denise's statement that Damien was making progress with speech and language. See Record at 19. She did not reject the mother's testimony that Damien had problems with his attention span, but noted that Damien had not been treated by a doctor for attention deficit hyperactivity disorder. The mother had testified that Damien frequently saw a doctor for other problems such as viruses and growing pains. The ALJ also credited the mother's testimony that Damien was able to devote attention to playing X-Box video games and watching television programs. In sum, because the ALJ accorded credence to Denise's testimony, there was no reason for the ALJ to comply with Social Security Ruling 96-7p.

#### B. ATTENDANCE TO AND COMPLETING TASKS

Based upon the Plaintiff's educational records, together with objective medical evidence, the ALJ found that Damien was markedly limited in the domain of acquiring and using information and the communicative area of functioning. She found that he was less than

6

markedly limited in the other five domains, including the domain of attending to and completing tasks. In this domain the severity of the child's limitation depends upon "how well the claimant is able to focus and maintain attention, and how well the claimant begins, carries through, and finishes activities, including the pace at which the claimant performs the activities, and the ease with which you change them." 20 C.F.R. § 416.926a(h). The question, therefore, is not whether Damien's impairment interferes with his ability to focus and maintain attention, but the degree of that interference. A review of the evidence suggests that the interference could reasonably be characterized as "moderate" rather than "marked." There was no medical evidence to suggest that Damien's attention problem warranted medical treatment and there was no evidence from the Milwaukee Public School team specialists to suggest that the attention problem was more than moderate. While the school records noted that the claimant had "problems with attention," Record at 19, the records also reported that the claimant was making progress in all his special education goals. Given this data, there is not sufficient evidence in the record to conclude that Damien has a second marked impairment in the domain of attending to and completing tasks.

## **ORDER**

Because the ALJ's decision to deny benefits to Damien Giles is supported by substantial evidence, the court ORDERS that her decision of June 27, 2003, IS AFFIRMED.

IT IS FURTHER ORDERED that the Clerk of Court shall enter a final judgment as a separate document. See Federal Rule of Civil Procedure 58. This judgment shall provide that:

> Plaintiff Damien Giles, a minor, by Denise Giles, his mother and natural guardian, brought this action for judicial review of the denial by the Commissioner of Social Security of an application

for childhood Supplemental Security Benefits. She brought the appeal before the court, the Honorable Thomas J. Curran, District Judge, presiding, and the issues having been heard and a decision having been rendered,

IT IS ORDERED AND ADJUDGED

that the Commissioner of Social Security's final decision of June 27, 2003, denying benefits to Damien Giles is affirmed and that this action is dismissed upon its merits.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 17th day of March, 2006.

s/ Thomas J. Curran
Thomas J. Curran
United States District Judge