UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAMIEN GILES, a minor, by
his mother, DENISE GILES,

      Plaintiff,

    v.                                           Case No. 04-C-1102

MICHAEL J. ASTRUE,
Commissioner, Social Security Administration,

      Defendant.

DECISION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO
JUSTICE ACT AND FOR ENTRY OF FINAL JUDGMENT

Plaintiff, Denise Giles, on behalf of her minor son, applied for Supplemental Security Income (SSI) benefits and was found disabled on September 1, 1995. The Social Security Administration terminated benefits in January of 1998. Plaintiff appealed, and was found not disabled on June 27, 2003. District Judge Thomas J. Curran reviewed the final decision of the Commissioner, and affirmed the denial of benefits. On April 16, 2007, the Seventh Circuit Court of Appeals reversed and remanded the final decision of the Commissioner. *Giles v. Astrue*, 483 F.3d 483 (7th Cir. 2007). The case is now before this court on plaintiff's motion for attorney's fees under the Equal Access to Justice Act (EAJA) and for entry of final judgment order.

The EAJA provides that a successful litigant against the federal government is entitled to recover attorneys' fees if: (1) the litigant was a prevailing party; (2) the government's position was not "substantially justified;" (3) there existed no special circumstances that would make the award unjust; and (4) the litigant filed a timely

application with the district court. 28 U.S.C. § 2412(d)(1)(A). Here, plaintiff was a prevailing party, no special circumstances are alleged, and the application for fees was filed timely. Hence, the only issue is whether the Commissioner's position was substantially justified. The Commissioner bears the burden on this issue. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006).

For a position to be substantially justified, it must have a reasonable factual and legal bases and there must be a reasonable connection between the facts and her legal theory. *Id.*, (citing *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988)). On appeal, the Seventh Circuit held that the ALJ in this case ignored *Brindisi v. Barnhart*, 315 F.3d 783, 784 (7th Cir. 2003) and *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002), by failing to "build an accurate and logical bring from the evidence to [the] conclusion." *Giles*, 483 F.3d at 487. The court commented as follows:

> Although the ALJ found that Damien was markedly limited in acquiring and using information, the ALJ summarily concluded that 'in all other domains and areas of functioning the claimant has some deficits, but is less than markedly limited.' Such a conclusion standing alone does not sufficiently articulate the ALJ's assessment of the evidence as we have repeatedly required. *See, e.g., Hickman v. Apfel*, 187 F.3d 683, 689 (7th Cir. 1999).

In addition, the ALJ failed to make a credibility assessment of Denise Giles' testimony. *Id.*

In *Golembieski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004), the Seventh Circuit reversed the district court and awarded fees where the "ALJ and Commissioner violated clear and long judicial precedent and violated the Commissioner's own Ruling and Regulations." *Id.* Notwithstanding the mandate of Social Security Ruling 96-7p and court precedent, the ALJ failed to discuss credibility and failed to apply the factors for evaluating symptoms. *Id.* In addition, the Seventh Circuit noted that the Commissioner's position

2

failed because it was argued that the credibility determination could be implied and the Commissioner relied on facts which were not discussed by the ALJ. *Id.* Finally, the ALJ mischaracterized some of the medical evidence and ignored evidence supporting the plaintiff's condition. *Id.*

Here, the district court held that the ALJ was not required to comply with Ruling 96-7p. Nevertheless, the appeals court held that the ALJ ignored Seventh Circuit precedent in failing to assess Denise Giles' credibility. In addition, the Commissioner and district court made assumptions and relied upon evidence not discussed by the ALJ. In consideration of these errors and the language used by the Seventh Circuit, this court finds that the government's defense in this case was not substantially justified and that the plaintiff's application for attorney's fees should be approved, and that an award of $26,958.65 is reasonable. Consistent with the Commissioner's request, part of that sum is payable to Attorney Lynn-Zuehlsdorf-Mack, who handled the case at the district court level, and the balance is payable to Attorney Barry Schultz, who handled the appeal.

Now, therefore,

IT IS ORDERED that plaintiff's motion for attorney's fees under the Equal Access to Justice Act and for entry of final judgment is granted.

IT IS FURTHER ORDERED that the defendant shall pay $4,578.45 directly to Attorney Lynn-Zuehlsdorf-Mack and $22,380.20 to Attorney Barry Schultz.

Dated at Milwaukee, Wisconsin, this 27th day of April, 2008.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE